JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRENEIL COSTELLO,<br><br>       Plaintiff,<br><br>  v.<br><br>MERCEDES-BENZ USA, LLC,<br><br>       Defendant. | Case No. 2:24-cv-09802-FLA (ASx)<br><br>**ORDER REMANDING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION [DKT. 11]** |

**RULING**

On October 1, 2024, Plaintiff Treneil Costello ("Plaintiff") filed a Complaint in the Los Angeles County Superior Court, asserting two causes of action against Defendant Mercedes-Benz USA, LLC ("Defendant") for violations of the California Song-Beverly Consumer Warranty Act ("Song-Beverly Act"), Cal. Civ. Code § 1790, *et seq*. *See* Dkt. 1-2 ("Compl."). As relevant here, Plaintiff seeks actual damages, civil penalties, and attorney's fees. *Id.* at 9.

On November 13, 2024, Defendant removed the action to this court, alleging the existence of diversity jurisdiction under 28 U.S.C. § 1332(a)(1). Dkt. 1 at 2. On December 4, 2024, the court ordered the parties to show cause ("OSC") why the action should not be remanded for lack of subject matter jurisdiction due to an insufficient amount in controversy. Dkt. 11. Defendant filed a response on December 18, 2024. Dkt. 12 ("Def.'s Resp.").

Having reviewed the Notice of Removal and Defendant's response to the OSC, the court finds Defendant fails to establish subject matter jurisdiction by a preponderance of the evidence and REMANDS this action to the Los Angeles County Superior Court.

**DISCUSSION**

Federal courts are courts of "limited jurisdiction," possessing "only that power authorized by [the] Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted); U.S. Const. art. III, § 2, cl. 1. District courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006). Additionally, federal courts have an obligation to examine jurisdiction *sua sponte* before proceeding to the merits of a case. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Most commonly, federal courts have subject matter jurisdiction where: (1) an action arises under federal law (federal question jurisdiction), 28 U.S.C. § 1331; or

(2) the amount in controversy exceeds $75,000, exclusive of interest and costs, and the citizenship of each plaintiff is diverse from that of each defendant (diversity jurisdiction), 28 U.S.C. § 1332(a). Except as otherwise provided by an act of Congress expressly, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[] may be removed by the defendant or the defendants" to the district court for the district and division where the action is pending. 28 U.S.C. § 1441.

A defendant's notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). "[W]hen the plaintiff contests, or the court questions, the defendant's allegation," "both sides [must] submit proof," at which point "the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 88–89. Courts "strictly construe the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id*.

### A.     Actual Damages

At issue here is whether the amount in controversy exceeds the $75,000 jurisdictional minimum for diversity jurisdiction. Under the Song-Beverly Act, a plaintiff may recover "in an amount equal to the actual price paid or payable by the buyer," reduced by "that amount directly attributable to use by the buyer prior to the time the buyer first delivered the vehicle to the manufacturer or distributor, or its authorized service and repair facility for correction of the problem that gave rise to the nonconformity." Cal. Civ. Code § 1793.2(d)(2)(B)–(C). This includes a mileage offset, which is calculated by reducing the purchase price by an amount directly proportional to the number of miles driven. *Id.* § 1793.2(d)(2)(C).

Here, Plaintiff alleges he leased from Defendant a 2024 Mercedes-Benz GLE. Compl. ¶ 5. Plaintiff does not allege the "actual price paid or payable" for the vehicle. *See generally id.* Plaintiff alleges only that the "amount in controversy exceeds [$35,000], exclusive of interest and costs[.]" *Id.* ¶ 13.

Defendant argues that, according to the Kelley Blue Book, the value of Plaintiff's 2024 Mercedes-Benz GLE is "$63,700 or higher." Def.'s Resp. at 5. Defendant, however, does not explain why this amount is in controversy, given the vehicle was leased—not purchased—and Plaintiff may recover only the "actual price paid or payable." Cal. Civ. Code § 1793.2(d)(2)(B); *see also id.* § 1793.2(d)(2)(D) (the Song-Beverly Act applies to leased vehicles). Defendant does not submit any evidence regarding the actual amount Plaintiff has paid under the lease agreement. *See* Def.'s Resp. at 5. Nor does Defendant submit the lease agreement or state the total amount payable thereunder by Plaintiff. *See id.*; *see also* Compl. ¶ 5 ("The Lease Agreement [] is in possession of Defendants."). Lastly, Defendant points to Plaintiff's allegation that the amount in controversy exceeds $35,000. Def.'s Resp. at 5. Plaintiff's allegation, however, is not evidence, and Plaintiff does not substantiate, at all, how he arrived at this amount. *See* Compl. ¶ 13.

Defendant, thus, has not met its burden to establish by a preponderance of the evidence that any amount of actual damages is in controversy. *See Dart Cherokee*, 574 U.S. at 89.

**B.  Civil Penalties**

Defendant next argues Plaintiff's request for civil penalties of twice the base amount of damages must be included in the amount in controversy calculation. Def.'s Resp. at 5–8. "A plaintiff who establishes that a violation of the Song-Beverly Act was willful may recover a civil penalty of up to two times the amount of actual damages." *Estrada v. FCA US LLC*, Case No. 2:20-cv-10453-PA (JPRx), 2021 WL 223249, at *3 (C.D. Cal. Jan. 21, 2021) (citing Cal. Civ. Code § 1794(c)) (brackets omitted). However, "[t]he civil penalty under California Civil Code § 1794(c) cannot

simply be assumed." *Pennon v. Subaru of Am., Inc.*, Case No. 2:22-cv-03015-SB (RAOx), 2022 WL 2208578, at *2 (C.D. Cal. June 17, 2022) (remanding action where defendant provided no specific argument or evidence for including a civil penalty in the amount in controversy) (quotation marks omitted).

District courts regularly find Song-Beverly Act plaintiffs' conclusory allegations regarding willfulness are insufficient to place civil penalties in controversy absent specific facts pleaded. *See Estrada*, 2021 WL 223249, at *3 (collecting cases "remanding where civil penalties were too speculative for inclusion in the amount-in-controversy") (quotation marks omitted). This is because "[s]imply assuming a civil penalty award is inconsistent with the principle that the defendant must provide evidence that it is more likely than not that the amount in controversy requirement is satisfied." *Makol v. Jaguar Land Rover N. Am., LLC*, Case No. 5:18-cv-03414-NC, 2018 WL 3194424, at *3 (N.D. Cal. June 28, 2018) (internal quotation marks removed); *see also Khachatryan v. BMW of N. Am., LLC*, Case No. 2:21-cv-01290-PA (PDx), 2021 WL 927266, at *2 (C.D. Cal. Mar. 10, 2021).

Here, Defendant relies on *Anderson v. Ford Motor Company*, 74 Cal. App. 5th 946 (2022), wherein a jury awarded $47,715.60 in actual damages and $30,000 as a Song-Beverly Act penalty. *See* Def.'s Resp. at 7. As an initial matter, as described above, Defendant fails to establish any actual damages are in controversy. *See supra* § A; *Estrada*, 2021 WL 223249, at *3 (the penalty is capped at "two times the amount of actual damages"). Even assuming *arguendo* some amount of actual damages was in controversy, Defendant does not explain how the facts in *Anderson* are similar to the instant facts, such that here it is more likely than not that $30,000 in penalties are in controversy. *See Makol*, 2018 WL 3194424, at *3. Indeed, Defendant does not identify any case with comparable circumstances, let alone a case awarding civil penalties of twice the actual damages awarded. *See* Def.'s Resp. at 7.

The court, therefore, finds Defendant's inclusion of civil penalties to be too speculative for inclusion in the court's amount in controversy calculation.

### C. Attorney's Fees

Defendant contends Plaintiff's demand for attorney's fees provides an additional reason for the court to determine the amount in controversy satisfies the jurisdictional minimum. *Id.* at 8–9. In the Ninth Circuit, attorney's fees awarded under fee-shifting statutes may be considered in assessing the jurisdictional threshold. *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648–49 (9th Cir. 2016). A removing defendant, however, must "prove that the amount in controversy (including attorneys' fees) exceeds the jurisdictional threshold by a preponderance of the evidence … with summary-judgment-type evidence." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 795 (9th Cir. 2018). "A district court may reject the defendant's attempts to include future attorneys' fees in the amount in controversy if the defendant fails to satisfy this burden of proof." *Id.*

"While a defendant may meet its burden to establish a reasonable estimate of attorneys' fees by identifying awards in other cases, those cases must be similar enough to the case at hand that the court can conclude that it is more likely than not that the plaintiff may incur a similar fee award." *Kaplan v. BMW of N. Am., LLC*, Case No. 3:21-cv-00857-TWR (AGS), 2021 WL 4352340, at *6 (S.D. Cal. Sept. 24, 2021); *see also D'Amico v. Ford Motor Co.*, Case No. 2:20-cv-02985-CJC (JCx), 2020 WL 2614610, at *4 (C.D. Cal. May 21, 2020) (recognizing "many cases alleging violations of the [Song-Beverly] Act settle early"). Moreover, a defendant fails to show attorney's fees are part of the amount in controversy where it "makes no effort to explain what amount of attorney fees might be sought or awarded in th[e] case[.]" *Vega v. FCA US, LLC*, Case No. 2:21-cv-05128-VAP (MRWx), 2021 WL 3771795, at *4 (C.D. Cal. Aug. 25, 2021).

Defendant contends "Plaintiff may obtain an award of attorneys' fees in the range of $28,017.50 to $87,515.00" and cites several cases wherein attorney's fees were awarded, including cases wherein the plaintiffs were represented by Plaintiff's counsel. Def.'s Resp. at 8–9. Defendant, however, does not even attempt to explain

how any of these cases are "similar enough to the case at hand" such that "it is more likely than not that [Plaintiff] may incur a similar fee award." *Kaplan*, 2021 WL 4352340, at *6.  Given that the removal statute is construed strictly and all doubts are resolved in favor of remand, the court finds Defendant has failed to demonstrate the amount in controversy exceeds the jurisdictional minimum based on attorney's fees.

## CONCLUSION

For the aforementioned reasons, the court finds Defendant has failed to demonstrate the amount in controversy exceeds $75,000, as required to establish diversity jurisdiction.  The court, therefore, REMANDS the action to the Los Angeles County Superior Court, Case No. 24STCV25466.  All dates and deadlines in this court are VACATED.  The clerk of the court shall close the action administratively.

IT IS SO ORDERED.

Dated: January 2, 2025

FERNANDO L. AENLLE-ROCHA
United States District Judge